O1JRSOWc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                        23-cr-00593-VEC

ADAMA SOW,

                Defendant.

------------------------------x
                                       New York, N.Y.
                                       January 19, 2024
                                       2:30 p.m.
Before:

                  HON. VALERIE E. CAPRONI,

                                       District Judge

                          APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
HENRY ROSS
     Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
BY:  MARTIN COHEN
```

O1JRSOWc

1             (Case called)
2             MR. ROSS:  Good afternoon, your Honor.  Henry Ross for
3    the government.
4             THE COURT:  Good afternoon, Mr. Ross.
5             MR. COHEN:  Good afternoon, your Honor.  Martin Cohen,
6    for the Federal Defenders, on behalf of Ms. Sow.
7             THE COURT:  Good afternoon, Mr. Cohen.  Good
8    afternoon, Ms. Sow.
9             Please be seated.  Mr. Ross, where are we with the
10   discovery in this?
11            MR. ROSS:  Thank you, your Honor.  The government
12   produced the bulk of discovery in this case back on
13   December 12.  I expect very little additional discovery in this
14   case, but as I just previewed for Mr. Cohen, I'll note three
15   items that are pending or outstanding.  The first is a search
16   warrant for a sealed envelope at the storage facility in this
17   case, which was executed earlier this week.  I anticipate that
18   the warrant application and the returns will be produced within
19   the coming days.  It was just a single envelope, and the
20   probable cause is similar to what is in the other search
21   warrant applications.
22            THE COURT:  Okay.
23            MR. ROSS:  The second item is a phone seized from a
24   defendant in a case pending before Judge Crotty.  The defendant
25   in that case and Ms. Sow are alleged to have trafficked

1  counterfeit goods using different storage units within the same
2  storage facility.  So the government is not alleging that they
3  are coconspirators, but there's a potential that information
4  data on that phone could be determined relevant to this case.
5  So the responsiveness review is ongoing.  It's been ongoing for
6  several weeks.  And if, in connection with that review, any
7  evidence is identified that is relevant to this case, we'll
8  produce it promptly to the defense.
9          And then, the third item is the authentication and
10 appraisal of what your Honor knows is a massive of volume of
11 counterfeit goods in this case.  I think more than 83,000 just
12 for Ms. Sow alone.  That will obviously be significant if the
13 case proceeds to sentencing because it will bear on the loss
14 amount or the infringement amount.  So we're working with HSI
15 to determine that and to gather additional information.  And we
16 started discussions with defense counsel as well given it's
17 significant in terms of a potential future guidelines
18 calculation.
19         THE COURT:  Okay.  Mr. Cohen, it sounds like we're
20 ready to set a motion schedule and a trial date.  Does that
21 sound right to you?
22         MR. COHEN:  It does, your Honor.  Based on the
23 discovery I have reviewed so far, I don't have any motions to
24 file.  Obviously, I'll review the outstanding discovery, and
25 we'll let the Court know.  So if the Court wanted to set a

1   schedule to the extent that there may be a motion, that would
2   be fine.
3            And then, you know, in terms of a trial date, I would
4   just ask the Court to set a date as far in the future as the
5   Court is willing to do.  I don't expect this case to go to
6   trial.  I think the issue, as the government sort of flagged,
7   is going to be how to ascertain what the appropriate loss
8   amount might be and how to describe that, which is going to
9   take a little time.
10           THE COURT:  Okay.  All right.  Fair enough.  So what
11  I'm going to do is I am going to set a schedule assuming that
12  you might have some motion that you think is worth making.
13  We'll set a trial date in May, which should give you more than
14  enough time to do whatever you guys are doing.
15           MR. COHEN:  Thank you, your Honor.
16           THE COURT:  All right.  So any pretrial motions are
17  due February 23.  Responses are due March 22.  Replies are due
18  April 5.  Any expert discovery, so your disclosures, as
19  required under the new federal rule, are due February 16.
20  Motions in limine are due April 5.  Responses are due April 19.
21  Request to charge and voir dire questions are due April 19.
22  Focus your voir dire questions on the facts of this case.  I
23  have standard criminal questions that really don't vary very
24  much, but if there are questions particularly about this
25  particular case, like, have you ever bought counterfeit goods

1     or something like that, I'm happy to entertain those.  We'll

2     have a final pretrial conference on May 2 at 2:30, trial May 6.

3                Because I'm giving an extended period of time in light

4     of the difficulties in figuring out how to value the property

5     and given that introduces some complexity into the case, I'm

6     going to exclude time between now and the trial date because of

7     the complexity of the case.

8                Any objection to that, Mr. Cohen?

9                MR. COHEN:  No, your Honor.

10               THE COURT:  All right.  So the time is excluded.  I

11    find the government and defense's need to wade through this

12    information outweighs the defendant's and the public's interest

13    in a speedy trial.

14               Anything further from the government, Mr. Ross?

15               MR. ROSS:  No, thank you, your Honor.

16               THE COURT:  Anything further from you, Mr. Cohen?

17               MR. COHEN:  Your Honor, is the Court's understanding

18    with the expert disclosure deadline, is that something that the

19    parties can consensually waive or extend in some way?

20               THE COURT:  If you need to extend it, you can request

21    it.  I don't know the answer to that question --

22               MR. COHEN:  Okay.  Thank you.

23               THE COURT:  -- because it is a new amendment to the

24    rule, so I haven't dealt with it very much.

25               What are the products?

O1JRSOWc

1            MR. COHEN:  They are all like mostly bags.
2            THE COURT:  Handbags?
3            MR. COHEN:  Handbags, exactly.
4            THE COURT:  Okay.
5            MR. COHEN:  Thank you very much, your Honor.
6            THE COURT:  Thanks, everybody.
7            MR. ROSS:  Thank you, your Honor.
8            THE COURT:  All right.  All the terms and conditions
9    of release continue, Ms. Sow.  You need to stay in touch with
10   Mr. Cohen to make sure you appear in court when you are
11   required.
12           Thanks, everybody.
13           (Adjourned)